**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERIK ROEHRDANZ, | DOCKET NUMBER |
| Appellant, | SF-0714-20-0216-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 10, 2025 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Erik Roehrdanz</u>, Miami, Florida, pro se.

<u>Camille D. Stroughter</u>, Esquire, Oakland, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

**REMAND ORDER**

The agency has filed a petition for review of the initial decision, which reversed the appellant's performance-based reduction in grade and pay under

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

38 U.S.C. § 714. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a GS-12 Supervisory Veterans Service Representative for the agency. Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 15. According to the appellant's position description, "The supervisor plans and assigns work priorities for his/her subordinates – usually a work team of approximately 6-15 administrative employees ranging from GS-5 to GS-12--and has final technical authority over the final work product." IAF, Tab 7 at 29 (punctuation as in original).

The appellant's performance plan contained four critical elements and one non-critical element. IAF, Tab 4 at 4-6. Each element was rated on a 3-tier scale: unacceptable, fully successful, or exceptional. *Id*. at 7. The summary rating was on a 5-tier scale and was derived according to the ratings on the individual elements. *Id*. at 8. However, a rating of unacceptable in even one critical element would result in a rating of unacceptable overall. *Id*. One critical element in the appellant's performance plan was "Supervision." *Id*. at 15. Among other things, the Supervision element requires that supervisors accurately manage and certify their subordinates' timecards by 10:00 a.m. the Friday they are due, complete monthly performance reviews with each subordinate by the 15th of every month, and complete other tasks within designated timeframes. *Id*.

On or about September 20, 2019, the appellant received a summary rating of unacceptable for the 2019 performance year due to a rating of unacceptable in the Supervision element. *Id*. at 4-8. In support of this rating, the agency cited six instances during the performance year in which the appellant failed to meet the criteria set forth therein. IAF, Tab 4 at 7, Tab 7 at 19-20. Specifically, the agency stated that the appellant once certified a timecard incorrectly, once failed

to certify timecards on time, twice failed to complete monthly performance reviews on time, and twice failed to complete other designated tasks on time. IAF, Tab 7 at 19-20. On December 12, 2019, the agency proposed the appellant's reduction in grade and pay under 38 U.S.C. § 714 based on a charge of failure to demonstrate acceptable performance in the Supervision element during the 2019 performance year. *Id*. at 19-22. After the appellant responded, the agency issued a decision reducing the appellant in grade and pay to the nonsupervisory position of GS-11 Veterans Service Representative, effective January 19, 2020. *Id*. at 15-18.

The appellant filed a Board appeal, challenging the merits of the agency's action and raising an affirmative defense of whistleblower reprisal. IAF, Tab 1 at 3, Tab 19 at 4. After a hearing, the administrative judge issued an initial decision reversing the reduction in grade and pay. IAF, Tab 56, Initial Decision (ID). She found that the agency proved its charge and that the appellant failed to prove his affirmative defense. ID at 13-15, 18-22. Nevertheless, the administrative judge found that the agency failed to support its choice of penalty by substantial evidence. ID at 15-17. Specifically, she found that, after the fifth time the appellant failed to meet the requirements of the Supervision element, his second-level supervisor warned him that any additional failures in this regard would result in a performance improvement plan (PIP). ID at 5, 16. The administrative judge found that, under these circumstances, the appellant was not on clear notice that he might face disciplinary action, without an opportunity to improve, for failing to meet his performance standards. ID at 16. Finding no indication that the deciding official considered this strongly mitigating penalty factor, and lacking the authority to mitigate the penalty, the administrative judge reversed the action in its entirety. ID at 16-17.

The agency has filed a petition for review, disputing the administrative judge's penalty analysis.[2] Petition for Review (PFR) File, Tab 1. The appellant has filed a response. PFR File, Tab 3.

## ANALYSIS

In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency bears the burden of proving its charges by substantial evidence. 38 U.S.C. § 714(d)(2)(a). If the agency meets this standard, the Board may not mitigate the agency's chosen penalty, but it is nevertheless required to review the penalty as part of the agency's overall decision. 38 U.S.C. § 714(d)(2)(B), (3)(C); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020). On review, neither party disputes that the agency proved its charge by substantial evidence. ID at 13-15. Nor does either party dispute the administrative judge's findings on the whistleblower defense. ID at 18-22. The agency does, however, dispute the administrative judge's penalty analysis. PFR File, Tab 1.

In her initial decision, the administrative judge found that the deciding official conscientiously considered several of the factors listed in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). ID at 15-16. Nevertheless, she found that the inaccurate indication to the appellant that he would be placed on a PIP after any further performance problems was of such overriding concern that the deciding official's failure to consider this matter rendered his penalty determination unworthy of deference. ID at 16. The administrative judge further found that the appellant could not have reasonably

---

[2] The agency also argues that the administrative judge erred by requiring it to prove a nexus between the appellant's performance deficiency and the efficiency of the service. Petition for Review File, Tab 1 at 16-17. Unless the agency is attempting to reserve the right to discipline employees for conduct that does not affect the efficiency of the service, we do not understand its reason for making this argument. In any event, the issue is immaterial to this appeal because a demonstrated performance deficiency obviously satisfies the nexus requirement.

expected to face disciplinary action without first being provided the promised opportunity to improve his performance and that this factor weighed so strongly against the chosen penalty that the agency failed to carry its burden on this matter. ID at 17.

On petition for review, the agency argues that the administrative judge applied the wrong standard of review to its penalty determination. PFR File, Tab 1 at 9-13. We are not convinced that the administrative judge applied anything other than substantial evidence review, as required by *Sayers*. ID at 11, 15-17. Nevertheless, regardless of the standard of review applied, we disagree with the administrative judge's analysis. Although the agency should not have warned the appellant of one course of action and then taken another, we do not see why this error should affect the propriety of its penalty selection.[3] First, we disagree with the administrative judge's characterization of this penalty factor. Under *Douglas*, 5 M.S.P.R. at 305, the Board will consider "the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question," not "the clarity with which the appellant was on notice that he might face disciplinary action" for violating those rules. ID at 16. In this case, it is undisputed that the appellant was aware of his performance standards and that the agency reminded him of those standards after each instance cited in the proposal notice. ID at 3-5; IAF, Tab 4 at 4, Tab 7 at 19-20. Second, the administrative judge referred to the appellant's "reliance" on the agency's inaccurate statement that he would be

---

[3] Arguably, the administrative judge's assessment of this penalty factor was tantamount to a finding of harmful procedural error. ID at 16-17. However, we find no basis in law to conclude that the agency's warning to the appellant that he would be placed on a PIP created any sort of rule or was otherwise binding on the agency. *See Scott v. Department of Justice*, 69 M.S.P.R. 211, 242 (1995) (finding that the appellant did not prove his claim of harmful error because he failed to identify any rule or regulation that the agency violated in the application of its procedures), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table). The Board's jurisdiction does not cover all matters involving a Federal employee that may be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).

placed on a PIP. ID at 17 n.8. However, our review of the record reveals no evidence to show that the appellant made any reliance on that statement or changed his position for the worse because of it. In fact, it is difficult to envision what such reliance would look like short of complacency in the face of an impending PIP. There is nothing in the record to suggest that the appellant engaged in such an irresponsible course of action, and even if he had, this would hardly amount to a mitigating circumstance. Third, even if this penalty factor had weighed in the appellant's favor, it is just one of many relevant factors to be considered in determining an appropriate penalty. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18. For these reasons, we find that the agency's misrepresentation to the appellant was not a mitigating factor, much less a factor so strongly mitigating that the agency's penalty determination could not survive substantial evidence review.

We further find that the current record contains substantial evidence to support the agency's penalty selection. The deciding official explained that he considered the appellant's performance deficiencies and their actual effect on the agency's mission and the morale of his subordinates. Hearing Recording (HR), Track 7 at 38:50 (testimony of the deciding official). He considered the particular circumstances of the appellant's case, including his belief that the appellant could still provide useful and efficient service in a nonsupervisory position, and he made efforts to ensure that the appellant would incur as little loss of pay as possible as a result of his demotion. *Id*. at 43:30 (testimony of the deciding official). Because the deciding official considered the appropriate penalty factors and because a reduction in grade generally is seen as a reasonable penalty for unsatisfactory performance, *see, e.g.*, *Madison v. Defense Logistics Agency*, 48 M.S.P.R. 234, 239 (1991); *O'Reilly v. Community Services Administration*, 16 M.S.P.R. 44, 48 (1983); *see also* 5 U.S.C. § 4303(a) (prescribing reduction in grade and removal as penalties for unacceptable

performance under 5 U.S.C. chapter 43), we find substantial evidence to support the agency's penalty determination.[4]

Nevertheless, this appeal must be remanded for a different reason. Specifically, the record shows that the deciding official found the charge proven by substantial evidence. IAF, Tab 7 at 16; HR, Track 7 at 33:20 (testimony of the deciding official). However, after the initial decision in this appeal was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued a precedential decision in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), holding that substantial evidence is the standard of review to be applied by the Board during its review of an agency action, not by the agency in taking the action. *Id*. at 1298-1300. The court reasoned that, because 38 U.S.C. § 714 requires an agency's deciding official to "determine" whether "the performance or misconduct . . . warrants" the action at issue, the deciding official must use a preponderance of the evidence standard of proof. *Id*. at 1298-1301.

The court's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16 (recognizing that a new precedential Federal Circuit decision applied to all cases pending with the Board). Because the administrative judge and the parties did not have the benefit of *Rodriguez*, they were unable to address its impact.

We therefore remand this case for adjudication of whether the agency's apparent error in applying the substantial evidence standard of proof was

---

[4] Even if the agency fails to prove by substantial evidence that its chosen penalty was reasonable, the remedy is not to reverse the action completely. Rather, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326-27 (Fed. Cir. 2021) (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021)).

harmful.[5] On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument addressing whether the agency's use of the substantial evidence standard constituted harmful error. *See* 5 U.S.C. § 7701(a)(1). The administrative judge should then address this affirmative defense in a new initial decision.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall allow the parties to submit evidence and argument, including a supplemental hearing, if appropriate, on the harmful error issue discussed above. *See supra* ¶¶ 11-13. The administrative judge shall then issue a new initial decision consistent with this Order.

---

[5] In *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 23, the Board found it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714. A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Id.*; *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving harmful error by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C).

The administrative judge may incorporate findings from the previous initial decision to the extent that they are not inconsistent with this Order or with any additional evidence submitted on remand. Regardless of whether the appellant proves harmful error in the agency's application of the substantial evidence burden of proof in the removal decision, if any argument or evidence on remand affects the administrative judge's analysis of the appellant's affirmative defenses or the agency's penalty, she should address such argument or evidence in the remand initial decision. *See Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 25.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.